953 F.2d 637
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ATLANTIC MECHANICAL, INCORPORATED, Plaintiff-Appellant,
v.
RESOLUTION TRUST CORPORATION, as Receiver for ATLANTIC
PERMANENT SAVINGS BANK, F.S.B., Defendant-Appellee.
 No. 91-1500.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 1, 1991.
Decided Jan. 27, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca B. Smith, District Judge. (CA-90-1489-N)
 John R. Lomax, Fine, Fine, Legum & Fine, Norfolk, Va., for appellant.
 Geoffrey F. Birkhead, Jane Dandridge Tucker, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for appellee.
 E.D.Va., 772 F.Supp. 288.
 AFFIRMED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 In March, 1989, Appellant Atlantic Mechanical, Inc. entered a written contract with Atlantic Permanent Savings Bank, agreeing to perform maintenance services on heating and air conditioning systems at eight of Atlantic Permanent's locations. The United States Department of the Treasury's Office of Thrift Supervision closed Atlantic Permanent in December, 1989, and the Resolution Trust Corporation ("RTC") was appointed to serve as Atlantic Permanent's receiver.[1] Five months later, Atlantic Permanent informed Atlantic Mechanical that it would discontinue the services contract, and two weeks later, the RTC disaffirmed the contract.
 
 
 2
 Atlantic Mechanical brought a suit for breach of contract against Atlantic Permanent in the Circuit Court for the City of Chesapeake, Virginia on June 7, 1990. After RTC was substituted as party defendant on July 19, 1990, the case was transferred to the United States District Court for the Eastern District of Virginia. In its Answer to Atlantic Mechanical's Motion for Judgment, RTC admitted to repudiating the contract but alleged that such repudiation was proper, pursuant to its authority under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821 (1988). The district court heard the evidence and rendered judgment for RTC, ruling that the contract was burdensome and that RTC had not abused its discretion in repudiating it.
 
 
 3
 Atlantic Mechanical has raised, on appeal, the following issues:
 
 
 4
 1. Whether RTC abused its discretion in repudiating the contract with Atlantic Mechanical?
 
 
 5
 2. Whether RTC was barred from repudiating the contract due to its acceptance of Atlantic Mechanical's services after appointment as receiver?
 
 
 6
 3. Whether repudiation of the contract by RTC was timely?
 
 
 7
 4. Whether 12 U.S.C. § 1821(e) is unconstitutional as a federal law impairing private contracts?
 
 
 8
 Because we find that the district court's findings are not clearly erroneous and 12 U.S.C. § 1821(e) is not unconstitutional, we affirm the decision of the district court. We decline to consider the second and third issues, since they were not raised before the district court.
 
 I.
 
 9
 Atlantic Mechanical and Atlantic Permanent entered a five-year written contract on March 1, 1989, by which Atlantic Mechanical agreed to perform certain preventive maintenance services on heating and air conditioning systems at eight of Atlantic Permanent's locations. The contract provided for a five-year term, at $16,560 per year, to be paid in full in advance for each upcoming year on the first of March. Pursuant to the Homeowner's Loan Act of 1933, as amended, the Office of Thrift Supervision of the United States Department of the Treasury closed Atlantic Permanent on December 8, 1989. RTC was appointed receiver for Atlantic Permanent.
 
 
 10
 Atlantic Permanent's Purchasing Director was replaced by Carey Parker in late March, 1990. Atlantic Mechanical had already received $16,560 from Atlantic Permanent as payment for the contract's second year in advance (March 1, 1990 through February 28, 1991). Parker's duties included reviewing all of the contracts to consider whether to repudiate or to continue them. Parker was concerned that the length and cost of the contract with Atlantic Mechanical were excessive, and that the cost of additional repairs performed by Atlantic Mechanical was extremely high. Parker offered Atlantic Mechanical an opportunity to renegotiate the contract; Atlantic Mechanical's Board of Directors considered the offer, but refused it. Parker thereupon notified Atlantic Mechanical that the contract was discontinued, and RTC formally repudiated it on June 6, 1990.
 
 
 11
 The district court concluded that RTC did not abuse its discretion in repudiating the contract with Atlantic Mechanical. Atlantic Mechanical, Inc. v. Resolution Trust Corp., 772 F.Supp. 288, 292 (E.D.Va.1991). The court found that the contract price was excessive when compared to RTC's current service contract with H.M. Webb and Co., as were the repair charges. Id. at 291. Also, the district court found that the five-year contract well-exceeded the industry's standard, and that the amount of service provided exceeded that required by Atlantic Permanent. Id. at 292. The district court thus concluded that RTC had not abused its discretion in (1) finding that the contract was burdensome and (2) deciding that repudiation was necessary to promote the orderly administration of Atlantic Permanent's affairs. Id.
 
 
 12
 While the district court ruled that RTC had authority to repudiate under the laws of receivership and FIRREA, the court also ruled alternatively that the contract itself entitled RTC to cancel upon thirty days written notice. Id.
 
 II.
 
 13
 Atlantic Mechanical has argued that RTC abused its discretion under 12 U.S.C. § 1821(e)(1) in repudiating the contract. The substance of the argument suggests a claim that the factual findings by the district court were erroneous.
 
 
 14
 In reviewing an action tried without a jury, we only set aside the trial court's findings of fact if they were clearly erroneous. Fed.R.Civ.P. 52; Friend v. Leidinger, 588 F.2d 61, 64 (4th Cir.1978). Atlantic Mechanical has in effect asked us, on appeal, to substitute our own factual findings for those of the trial court. Since RTC was granted the authority under 12 U.S.C. 1821(e)(1) to determine within its own discretion whether or not the contract was "burdensome," the district court only needed to determine whether RTC abused its discretion in reaching that conclusion.[2] The district court not only concluded that RTC had not abused its discretion, but went on to find that the contract was in fact burdensome, based on the term of the contract and its price. 772 F.Supp. at 292. Upon reviewing the evidence, we cannot reach the conclusion that the district court's findings and conclusions are clearly erroneous.
 
 
 15
 Atlantic Mechanical has attempted to use factual discrepancies in the trial testimony to show that the district court erred. One witness testified that the Webb contract was $12,000 per year for quarterly inspections, and another witness testified that the Webb contract was $3,440 per quarter, or $13,600 per year for quarterly inspections. Atlantic Mechanical would have us conclude that, by comparing that testimony to the $16,560 per year called for in the contract for Atlantic Mechanical's monthly inspections, the contract's cost was not so excessive as to warrant a finding that it was burdensome. Atlantic Mechanical has also asserted that there was no evidence that the repair charges were excessive.
 
 
 16
 However, based on all of the evidence, including testimony by the president of H.M. Webb, the district court found that the subsequent contract with H.M. Webb and Co. charged $3,440 a year for quarterly inspections at each location. 772 F.Supp. at 291 n. 14. Furthermore, the district court found that only $8,300 was paid to H.M. Webb for both the maintenance contract and additional repairs between June and February (eight months), whereas $41,000 was paid to Atlantic Mechanical for repairs during the final fourteen months of the contract, in addition to the $16,560 for the maintenance contract. Id. at 291. The district court further found that the five-year contract term was burdensome. Id. at 292. The court's findings are supported by the evidence and, therefore, cannot be deemed clearly erroneous.
 
 III.
 
 17
 Atlantic Mechanical has also sought to argue that RTC was barred from repudiating the contract due to its acceptance of Atlantic Mechanical's services after appointment as the receiver. Ordinarily, we do not consider issues raised for the first time on appeal. National Wildlife Fed'n v. Hanson, 859 F.2d 313, 318 (4th Cir.1988). The record contains no mention of the issue of whether acceptance of services bars subsequent repudiation. Also, at the close of all of the evidence, the district court made findings of fact and rulings of law in open court. Nowhere did the district court mention, nor did any of the parties raise, the issue of whether or not the acceptance of services bars subsequent repudiation of the contract. In addition, at the end of the district court's articulation of its ruling, the court asked each attorney: "Is there anything else that you know of that I need to address?" Each attorney responded that there was not. The published opinion also makes no mention of the issue. See Atlantic Mechanical, Inc. v. Resolution Trust Corp., 772 F.Supp. 288 (E.D.Va.1991). We conclude that Atlantic Mechanical never raised the issue before the district court. Accordingly, we decline to review the issue.
 
 IV.
 
 18
 Approaching the question by a somewhat different route, Atlantic Mechanical has sought to assert that repudiation of the contract by RTC was untimely. The argument has grown out of the fact that RTC's appointment as receiver took effect on December 8, 1989, but Atlantic Mechanical was not notified until May 24, 1990 of the intention to repudiate the contract, and formal repudiation did not occur until June 6, 1990. However, we again face a contention that need not be considered, as there is no indication anywhere in the proceedings that Atlantic Mechanical raised the issue in the district court.
 
 V.
 
 19
 Finally, Atlantic Mechanical has attempted to assert that 12 U.S.C. § 1821(e) is unconstitutional as a federal law impairing private contracts. Article I, Section 10 of the United States Constitution ("No state shall ... pass any ... law impairing the obligation of contracts") applies only to the states. While recognizing that the constitutional provision limiting the states is inapplicable, in and of itself, to the federal government, i.e., to RTC, Atlantic Mechanical has argued that, nevertheless, the principle applies to the federal government and that 12 U.S.C. § 1821(e) is unconstitutional as a violation of the Fifth Amendment's due process clause.
 
 
 20
 The argument fails. As receiver or conservator of an insured depository institution, RTC was authorized under FIRREA to repudiate burdensome contracts to which the institution was a party. 12 U.S.C. § 1821(e)(1). Federal savings and loans institutions and banks are created, insured and aided by the federal government, and Congress has the right to enact legislation and promote the rules and regulations which are to govern them. See Fahey v. Mallonee, 332 U.S. 245, 250 (1947). Even the case cited by Atlantic Mechanical to support its argument that the repudiation violated the Fifth Amendment stated that the federal government had the power to impair the obligation of contracts in the case of bankruptcy. See Johnson v. United States, 79 F.Supp. 208, 211 (Ct.Cl.1948). While the federal government cannot take property without due process of law, a "breach of a contract is neither a confiscation of property nor a taking of property without due process of law." Shawnee Sewerage & Drainage Co. v. Stearns, 220 U.S. 462, 471 (1911). Repudiation of the contract with Atlantic Mechanical by RTC, in accordance with its statutory authority under FIRREA to repudiate burdensome contracts, does not violate the Fifth Amendment. Atlantic Mechanical's appeal is without merit and the decision of the district court is
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 The bank's name while in receivership was Atlantic Permanent Savings Bank, F.S.B
 
 
 [2]
 12 U.S.C. § 1821(e)(1) provides, in pertinent part:
 [T]he conservator or receiver for any insured depository institution may disaffirm or repudiate any contract or lease--
 (A) to which such institution is a party;
 (B) the performance of which the conservator or receiver, in the conservator's or receiver's discretion, determines to be burdensome; and
 (C) the disaffirmance or repudiation of which the conservator or receiver determines, in the conservator's or receiver's discretion, will promote the orderly administration of the institution's affairs.